# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| BEN ROSS and | ) |
| DEBBIE ROSS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 3:08-CV-476-TLS |
| | ) |
| MICHIGAN CITY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This case is before the Court on the Plaintiffs' Motion to Reopen Discovery [ECF No. 66], filed on September 10, 2010. The Defendant filed its Response in Opposition to Plaintiffs' Motion to Reopen Discovery [ECF No. 67] on September 15. The Plaintiffs argue that they need 90 days of additional discovery in order to explore issues they raised in their Amended Complaint. The Defendant responds that the Plaintiffs' request is not timely because they already informed the Court they would not need additional discovery and they did not file their Motion until after the Defendant filed its Motion for Summary Judgment.

The Plaintiffs do not cite any Court rule or legal authority in support of their request. Federal Rule of Civil Procedure 56(f) provides "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Fed. R. Civ. P. 56(f). "A Rule 56(f) motion must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) (citing *Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002)). The

Plaintiffs did not file an affidavit with their Motion, and they have not established that they are unable to present facts essential to justify their position. The Plaintiffs have already advised the Court that they do not need additional discovery before the Court's ruling on summary judgment and their argument that this comment was made in reference to the original complaint does not alter the Court's finding because the Plaintiffs have not presented a compelling reason to change their position.

Federal Rule of Civil Procedure 6(b)(1)(B) allows an extension of time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A determination what is excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355–56 (7th Cir. 1997); *Paige v. City of Fort Wayne*, No. 1:09-CV-143, 2010 WL 2696338, at *1 (N.D. Ind. July 2, 2010). To the extent that the Plaintiffs' Motion could be construed as a motion to extend the discovery deadlines—even after they have ended—their Motion fails. Granting the Plaintiff's Motion after the Defendant has already filed a second Motion for Summary Judgment would be significantly prejudicial to the Defendant. Also, the Plaintiffs had already filed their Amended Complaint into the record—advising the Court and the Defendant what the Plaintiffs sought to include in their Amended Complaint—when they agreed there would be no further discovery until after the Court ruled on summary judgment. (Telephone

Status Conference, April 1, 2010, ECF No. 45.)

Therefore, the Court DENIES the Plaintiffs' Motion to Reopen Discovery [ECF No. 66] and ORDERS the Plaintiffs to respond to the Defendant's Motion for Summary Judgment on Plaintiffs' Second Amended Complaint on or before December 13, 2010, the Court will not grant further extensions without good cause being shown. The Defendant may file its Reply on or before January 10, 2011.

SO ORDERED on November 12, 2010.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION