UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BEN ROSS and )
DEBBIE ROSS, )
 )
    Plaintiffs, )
 )
v. ) CAUSE NO.: 3:08-CV-476-TLS
 )
CITY OF MICHIGAN CITY, )
 )
    Defendant. )

**OPINION AND ORDER**

    This matter is before the Court on Defendant Michigan City's Motion for Summary Judgment on Plaintiffs' Second Amended Complaint [ECF No. 63], filed on August 31, 2010, and on the Plaintiffs' Motion to Dismiss Without Prejudice [ECF No. 69], filed on December 10, 2010. In their Motion to Dismiss, the Plaintiffs agree with the Defendant's argument that the Court lacks subject matter jurisdiction and request that the Court dismiss the case on that basis without prejudice. In its Response to Plaintiffs' Motion to Dismiss [ECF No. 70], the Defendant renews its request for a dismissal based on a lack of subject matter jurisdiction and seeks an award of attorney's fees and costs. The Plaintiffs oppose the Defendant's request for an award of fees and costs [ECF No. 71]. For the reasons stated below, the Court will dismiss the case without prejudice, but will not award fees or costs.

**A.    Subject Matter Jurisdiction**

    The Defendant argues in its Brief in Support of its Motion for Summary Judgment [ECF No. 64] that the Court lacks subject matter jurisdiction in this case because the Plaintiffs failed to exhaust their administrative remedies before bringing the current suit before the Court. (*Id*. at

20.) The Plaintiffs now concede that they failed to exhaust available state administrative remedies. (Pls' Mot. Dismiss, ECF No. 69).

Challenges to state land-use regulations, whether pleaded as Fifth Amendment takings or Fourteenth Amendment violations of due process or equal protection, must first exhaust available state remedies unless particular exceptions apply. *Muscarello v. Ogle County Bd. of Com'rs*, 610 F.3d 416, 423 (7th Cir. 2010) ("Labels do not matter. A person contending that state or local regulation of the use of land has gone overboard must repair to state court.") (quoting *River Park v. City of Highland Park,* 23 F.3d 164, 167 (7th Cir. 1994)). Exceptions to the exhaustion requirement in the zoning context include pre-enforcement facial challenges to a statute and situations in which state law remedies do not provide relief. *Muscarello,* 610 F.3d at 422. Indiana law similarly requires exhaustion of administrative remedies for a court to establish subject matter jurisdiction. *Turner v. City of Evansville*, 740 N.E.2d 860, 861–62 (Ind. 2001).

Here, the Plaintiffs allege violation of Fourteenth Amendment rights in the context of a zoning dispute. (Second Am. Compl., ECF No. 52.) The Plaintiffs and the Defendant agree that the Plaintiffs have available to them administrative remedies, namely filing a challenge before the Board of Zoning Appeals, and that the Plaintiffs have not exhausted this remedy. The Plaintiffs must have exhausted all available administrative remedies for the Court to establish subject matter jurisdiction over this case. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Ill. v. City of Chi.*, 137 F.3d 474, 478 (7th Cir.1998). The Plaintiffs' conceded failure to exhaust administrative remedies deprives the Court of jurisdiction. Accordingly, the Court will dismiss this case based on a lack of subject matter jurisdiction.

**B.      Court's Jurisdiction to Award Attorney's Fees and Costs**

The Defendant moves for attorney's fees and costs [ECF No. 70] based on the "unreasonable, frivolous and/or vexatious nature of" the Plaintiffs' claims. Because a court "always has jurisdiction to consider its own jurisdiction . . . a court may lack authority to resolve the merits of a claim yet have jurisdiction to award costs and attorneys' fees to the prevailing party." *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 926 (7th Cir. 2000) (citations and internal quotation marks omitted).

The present case is analogous to *Citizens for Better Environment* with regard to jurisdiction. In that case, years of litigation led to a Supreme Court determination that the district court lacked subject matter jurisdiction. Upon dismissal the defendant moved for attorney's fees and costs. *Id*. at 925. The Seventh Circuit reversed the district court's determination that it had no jurisdiction to award attorney's fees because it lacked subject matter jurisdiction over the substantive dispute in the case. *Id*. at 925–27. The Seventh Circuit held that a court has jurisdiction to award attorney's fees in a case where the substantive matter of the dispute is dismissed on jurisdictional grounds but the harm of continued frivolous litigation took place within the court's jurisdiction. *Id*. at 926.

The parties have litigated the present case within the Court's jurisdiction for more than two years. Following *Citizens for a Better Environment*, the Court has jurisdiction to resolve the Defendant's claim for attorney's fees and costs accrued in this litigation even though the Court does not have jurisdiction to resolve the substantive claims at issue.

**C.      Award of Attorney's Fees**

The Defendant seeks an award of attorneys' fees under 42 U.S.C. § 1988. [ECF No. 70]. Section 1988 provides that "[i]n any action proceeding to enforce a provision of section[] . . . 1983 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Although the language of the statute seems not to distinguish between prevailing parties, prevailing plaintiffs receive attorney's fees as a matter of course, but prevailing defendants only receive attorney's fees if the plaintiff's claim was 'frivolous, unreasonable, or groundless.'" *Khan v. Gallitano*, 180 F.3d 829, 836–837 (7th Cir. 1999) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). Attorney's fees may similarly be awarded where a party continued to litigate after it became clear that its claims were frivolous, unreasonable, or groundless. *Christiansburg Garment Co.*, 434 U.S. at 422.

In order to prevail in its motion for attorney's fees Defendant must show first that it is a "prevailing party" under the statute. While a final judgment on the merits is not required, in order to be a "prevailing party" a defendant must have "established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980). "[T]he 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'" *Citizens for a Better Env't* 230 F.3d. at 929 (quoting *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 792 (1989)). Where a defendant wins a victory on a jurisdictional or procedural point that merely prolongs litigation a party is typically not a "prevailing party." *Citizens for a Better Env't,* 230 F.3d. at 929–930. Rather, "a defendant prevails by securing an entitlement not to have any change in legal relations." *Id*. Such an entitlement may be shown by a victory on the merits or by

4

a dismissal with prejudice, including one on jurisdictional grounds. *Id*.

The Defendant is unable to show that it has prevailed, as the dismissal of this litigation does not materially alter the legal relationship between the parties and does not entitle the Defendant to a finding by this Court that the status quo will persist between the parties. The dismissal of this case is without prejudice and leaves the Plaintiffs free to continue the litigation of their case in the appropriate forum. The Defendant asserts that the dismissal of this case on jurisdictional grounds makes it a prevailing party because "if the Plaintiffs' application for a variance with the BZA is denied and they should choose to file another lawsuit against the city, then the claim at that time will be based on a different set of operative facts . . .". (Def.'s Reply Supp. Req. Att'y's Fees 2, ECF No. 72). However, the Court's dismissal in this case is without prejudice as to all claims and will have no preclusive effect on claims which may be brought by the Plaintiffs in subsequent litigation against the Defendant. Although it has won a dismissal from the Court, the Defendant is not "prevailing party" in this litigation and therefore cannot be awarded attorney's fees.

Even if this Court were to find that the Defendant prevailed, the Court would still not award attorney's fees because the Plaintiffs provided a non-frivolous grounds for the continued litigation for their suit. In their initial response to the Defendant's exhaustion arguments, the Plaintiffs relied on *King ex rel. Jacob v. Secretary*, 774 N.E.2d 1008 (Ind. App., 2002), to argue that "courts are reluctant to burden the exercise of *federal* rights with *state* exhaustion requirements." (Mem. in Opp'n 3, ECF No. 53.) Whether that argument would have persuaded the Court is no longer at issue. What is relevant, however, is that the case's language limiting the exhaustion requirement in Indiana for § 1983 cases provided the Plaintiffs with a non-frivolous

5

basis for continuing their suit with knowledge that they failed to exhaust their remedies under Indiana law. *See King ex. rel. Jacob*, 774 N.E.2d at 1011 ("[I]t is not necessary for a plaintiff to exhaust state administrative and judicial requirements before pursuing a § 1983 claim."). That Plaintiffs now believe this argument to be a losing one does not, in itself, make their prior arguments or continued litigation of the case frivolous, unreasonable, or groundless.

CONCLUSION

For the foregoing reasons, the Court GRANTS the Plaintiffs' Motion to Dismiss Without Prejudice [ECF No. 69] and DENIES the Defendant's request for attorneys' fees contained in its Response to Plaintiffs' Motion to Dismiss [ECF No. 70]. The Defendant's Motion for Summary Judgment [ECF No. 63] is RENDERED MOOT.

SO ORDERED on August 16, 2011.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION